**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **QING GUI LIU,**<br>**Petitioner,**<br>**v.**<br>**LUIS SOTO, et al.,**<br>**Respondents.** | **Civil Action No. 26-3331 (RK)**<br><br>**MEMORANDUM AND ORDER** |

This matter has been opened to the Court by Petitioner's Amended Petition for a writ of habeas corpus and Respondents' request to lift the stay of transfer. (ECF Nos. 7, 15.) Having considered the record and the parties' arguments, the Court will deny the Petition without prejudice and grant Respondents' request to lift the stay of transfer.

## I. BACKGROUND

Petitioner Qing Gui Liu is a citizen of the People's Republic of China ("PRC") who has been subject to a final order of removal since March 13, 2008. (*See* ECF No. 11-1, 11-2.) He was arrested by Immigration and Customs Enforcement eighteen years later on March 17, 2026, (ECF No. 11-4) and has been detained for less than six months.

Petitioner filed his original Petition on March 28, 2026, shortly after he was detained. (ECF No. 1.) Petitioner filed an Amended Petition on April 25, 2026. (ECF No. 7.) The Court set a briefing schedule, denied Petitioner's Motion for a Temporary Restraining Order ("TRO Motion") to the extent he sought a stay of removal, and permitted the Text Order enjoining his transfer to

remain in effect until the matter concluded.[1] (ECF Nos. 2, 5, 9.) In denying the request to stay his removal, the Court found that Petitioner had not shown a likelihood of success on the merits of his underlying claims that Respondents may not detain him to effectuate his removal to the PRC or shown that they intend to remove him to a third country without providing him with due process. (ECF No. 9.)

On August 27, 2026, following the completion of briefing, Respondent's counsel filed a letter stating that that "U.S. Immigration and Customs Enforcement has informed this Office that they have obtained a travel document for Petitioner and are prepared to execute Petitioner's removal promptly." (*See* ECF Nos. 15, 15-1 (Ex. A (Permit for Entry).)

## II. DISCUSSION

The Constitution guarantees that the writ of habeas corpus is available to every individual detained within the United States. *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. Art. I, § 9, cl. 2). District courts have the power to grant writs of habeas corpus. 28 U.S.C. § 2241(a). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

At issue is whether Petitioner's detention is lawful. Because he has a final order of removal, Petitioner's detention is governed by 8 U.S.C. § 1231, but he is not detained in the mandatory 90-day removal period under § 1231(a)(2)(A). As the Court stated in its prior Order, the 90-day removal period expired years ago, and Petitioner is detained in the post-removal-

[1] The TRO motion remains pending, but the Court decided it and directs the Clerk to terminate it in this Order.

period.[2] *See Morangom v. Rokosky*, 25-18640, 2026 WL 685633, at *4 (D.N.J. Mar. 11, 2026) (rejecting Respondents' argument that a petitioner with a decades-old removal order is detained within the 90-day removal period).

Section 1231(a)(6) provides that a noncitizen who has been ordered removed may be detained beyond the removal period "if he is (1) inadmissible, (2) removable as a result of violations of status requirements, entry conditions, or the criminal law, or for national security or foreign policy reasons, or (3) a risk to the community or unlikely to comply with the removal order." *Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021). The list is disjunctive, and the subsection applies to inadmissible noncitizens, like Petitioner, regardless of whether DHS has determined they are a risk to the community or unlikely to comply with a removal order. *See Clark v. Martinez*, 543 U.S. 371, 378 (2005).

A final order of removal does not allow the government to detain an inadmissible noncitizen indefinitely. Whether Petitioner's continued detention under § 1231(a)(6) comports with the Fifth Amendment is governed by *Zadvydas v. Davis*, 533 U.S. at 701, which held that the INA's post-removal-period detention provision contains an implicit reasonableness limitation of six months, after which a noncitizen may not continue to be detained if "there is no significant likelihood of removal in the reasonably foreseeable future." Although this is the general rule, courts in this District and elsewhere have held that a detainee is not precluded from challenging the reasonableness of his detention before such time, if he or she can show, for instance, that removal is not reasonably foreseeable due to statelessness, unavailability of a third country, or

---

[2] Section 1231 requires the government to remove noncitizens who have a final order of removal within 90 days, *see id.* at § 1231(a)(1)(A) during which detention is mandatory and that removal period has three possible start dates. 8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's removal period started on the date on which Petitioner's removal order became final on March 13, 2008 and expired 90 days later.

other impediment to removal. *See, e.g., Munoz-Saucedo v. Pittman*, 789 F.Supp.3d 387, 395 (D.N.J. 2025) (ordering release of petitioner who was previously detained and released because he met his burden to show that he could not be removed to his home country or a third country).

Here, Petitioner argues that his detention is unreasonable and that the six-month presumption does not apply because Respondents have made no efforts to remove him since his order of removal became final 18 years ago and he is pursuing adjustment of status. (*See* ECF No. 12.) The Court rejects the argument that the passage of time and/or his pending application to adjust status make his detention unreasonable or suggests that his removal is not reasonably foreseeable. Petitioner contends that the District Court in *Liu v. Bondi*, No. 26-cv-03329, 2026 WL 1021206, at *2 (D.N.J. Apr. 15, 2026) accepted this argument and released his brother several months ago. But Petitioner ignores crucial facts that distinguish his brother's case. Although the District Court noted that the government made no attempts to remove Petitioner's brother in 10 years, his removal proceedings were also remanded by the Second Circuit, and the circuit court entered an order requiring the government to notify it if it intended to pursue removal, which the government had not done. (*See id.*) Under these circumstances, the district court held that the petitioner had rebutted the presumption that his removal was reasonably foreseeable. (*Id.*)

Here, Petitioner has not provided sufficient evidence that his removal is not reasonably foreseeable. There is no doubt that Petitioner has formed substantial ties in the United States, and he has provided evidence that he is attempting to adjust status based on his marriage to a United States citizen. USCIS approved the I-130 immediate relative petition filed by his United States citizen spouse and a I-212 Waiver Application so that he may reapply for admission after deportation or removal. Petitioner also contends that his Provisional Unlawful Presence Waiver,

Form I-601A, was pending with USCIS at the time of his arrest, and once the Form I-601A is granted, he would be eligible to apply for an immigrant visa overseas in the PRC. (ECF No. 7, Amended Petition at ¶¶ 5-15; *see also* ECF Nos. 7-1, 7-2, 7-3.) Petitioner has not argued, however, that Respondents may not remove him while his waiver application is pending, and that argument appears to be foreclosed by *Tazu v. Attorney General United States*, 975 F.3d 292, 297 (3d Cir. 2020) ("The plain text of § 1252(g) covers decisions about whether and when to execute a removal order.").

Petitioner also argues that Respondents have not explained why it took them two months to seek a travel document or why his detention is necessary to accomplish his removal. (ECF No. 12 at 2.) As explained above, § 1231(a)(6) permits the detention of inadmissible noncitizens pending removal and absent circumstances not applicable here, *Zadvydas* does not require the government to justify his continued detention prior to the six month mark.

On August 27, 2026, Respondents notified the Court that they have obtained a travel document for Petitioner and ask the Court to lift the stay of transfer. Based on the government's representation and the attached exhibit (ECF Nos. 15, 15-1), the Court grants the request and lifts the stay of transfer. At this time, the Court also denies the Petition without prejudice because Petitioner has not shown that his removal is not reasonably foreseeable. The dismissal is without prejudice to Petitioner's filing of a new Petition if he is not removed and his detention becomes unreasonably prolonged under *Zadvydas*.

**THEREFORE**, it is on this 28th day of August 2026,

**ORDERED** that the Petition is denied WITHOUT PREJUDICE for the reasons stated in this Memorandum and Order; and it is further

**ORDERED** that the TRO Motion at ECF No. 2 shall be ADMINISTRATIVELY TERMINATED; and it is further

**ORDERED** that the request to lift the stay of transfer is GRANTED; the stay of transfer is hereby lifted; and it is further

**ORDERED** that the dismissal is without prejudice to Petitioner's filing of a new Petition if his detention becomes unreasonably prolonged; and it is further

**ORDERED** that the Clerk of the Court shall mark this matter as CLOSED.

ROBERT KIRSCH
United States District Judge